UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVANCE CONTROLS, INC.

    Plaintiff,

v.                                              Case No.: 8:17-cv-2775-T-36AAS

GIOVENZANA
INTERNATIONAL B.V., and
MOTION TECHNOLOGIES,
INC.,

    Defendants.
_____/

## ORDER

Advance Controls, Inc. ("Advance Controls") moved for entry of a clerk's default against Motion Technologies, Inc. ("Motion Technologies") (Doc. 10).

Rule 55(a) of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, "[d]efault is to be used sparingly" since courts normally should adjudicate cases on their merits. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002).

Advance Controls states that Motion Technologies was served with process on November 18, 2017, and failed to respond.[1] (Doc. 10, p. 1). However, the motion attaches Motion Technologies' informal response to this action. (Doc. 10, Ex. A). Although this letter is not an

---

[1] Advance Controls failed to submit a certificate of service verifying this date.

1

appropriate responsive pleading under the Federal Rules of Civil Procedure, this letter demonstrates that Motion Technologies has not "failed to . . . otherwise defend" this action. *See* Fed. R. Civ. P. 55(a).

Accordingly, it is **ORDERED:**

(1) Advance Controls' Motion for Entry of Default Against Defendant Motion Technologies, Inc. (Doc. 10) is **DENIED without prejudice.**

(2) The Clerk of Court shall mail a copy of this Order to Motion Technologies, Inc., 2125 South Priest Dr., Suite 304, Tempe, AZ 85282. Motion Technologies shall have until **January 10, 2018** to respond to the complaint.

**ORDERED** in Tampa, Florida on this 19th day of December, 2017.

AMANDA ARNOLD SANSONE
United States Magistrate Judge